IN THE MATTER OF

VARIOUS ELECTRONIC DEVICES        19-CBP-000500
AND ITEMS        19-CBP-000501

## SETTLEMENT AND FORFEITURE AGREEMENT

IT IS HEREBY STIPULATED and agreed upon between and among the United States of America by its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Kevin D. Robinson, Assistant United States Attorney, of counsel, and Dominic Saraceno, Esq., attorney for Alexander Pollina, that this action be settled on the following terms and conditions:

1. One September 18, 2019, the following items were seized pursuant to a federal search and seizure warrant at the residence of 155 Orchard Dr., Buffalo, NY 14223:

    a. One silver Apple iPhone bearing IMEI number 35330107092374;

    b. One Apple iPhone 8 plus bearing IMEI number 35301209416608;

    c. One (1) Acer Tablet, S/N 4130005:17;

    d. One (1) Toshiba Laptop, S/N X6420944Q;

    e. One (1) Acer Laptop, S/N 84215072520;

    f. One (1) Mac Book Pro, S/N CIMSGAKLDTY3;

    g. Four (4) Apple Ipods;

    h. Four (4) SD Cards with one adaptor;

    i. One (1) USB Drive;

    j. Two (2) Sony Mini Discs; and

    k. Five (5) Digital Cameras.

2. On November 25, 2019, Alexander Pollina filed a claim to the following items:

    a. One silver Apple iPhone bearing IMEI number 35330107092374;

    b. One Apple iPhone 8 plus bearing IMEI number 35301209416608;

    c. One (1) Mac Book Pro, S/N CIMSGAKLDTY3; and

    d. Four (4) Apple IPods.

3. On December 16, 2019, the government and Alexander Pollina entered into a plea agreement, whereby the claimant agreed that the following items would be criminally forfeited:

    a. One silver Apple iPhone bearing IMEI number 35330107092374; and

    b. One Apple iPhone 8 plus bearing IMEI number 35301209416608

4. Prior to the government filing a Verified Complaint for Forfeiture against Various Electronic Devices and Items, hereinafter referred to as "defendant property", all parties in this matter came to an agreement as to the defendant property.

5. Alexander Pollina is the only claimant to the defendant property in the captioned matter and hereby waives any further notice and publication in this action. He further acknowledges he filed a claim with the United States Customs and Border Protection to initiate judicial forfeiture proceedings and now hereby withdraws that claim and agrees to forfeiture as stipulated below.

6. Alexander Pollina hereby acknowledges that, but for this agreement, the defendant property would have been the subject of a continued civil judicial forfeiture action by the United States pursuant to Title 18, United States Code, Section 2253(a)(1) and (a)(3) and that the within settlement agreement is a compromise to the continuation of any and all further civil forfeiture proceedings.

7. The parties consent to the following settlement:

   a. Claimants agrees to one of the four IPods being criminally forfeited as evidence of child pornography was found;

   b. The remaining defendant property will be returned to Alexander Pollina as no evidence of child pornography was found. Those items include, the remaining three (3) IPods and the One (1) Mac Book Pro, S/N CIMSGAKLDTY3. Claimant will also agree to withdraw his claim to the items; and

   c. The remaining items will also be returned to Alexander Pollina as no evidence of child pornography was found and no claim to those items was filed. Those items are: One (1) Acer Laptop, S/N 84215072520; Four (4) SD Cards with one adaptor; One (1) USB Drive; Two (2) Sony Mini Discs; and Five (5) Digital Cameras

8. Alexander Pollina, knowingly, intelligently and voluntarily waives his right to a trial on the forfeiture of the above-referenced items designated for forfeiture. He knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the defendant property referenced above in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this civil proceeding. Alexander Pollina further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine

regarding the forfeiture by the United States and further waives any rights he may have to petition the United States concerning this forfeiture.

9. Alexander Pollina agrees to release and hold harmless the United States Customs and Border Protection, the Department of Homeland Security and all agencies, departments, servants, employees and contractors of the United States of America, and State of New York from any and all civil liability arising from seizure of the captioned defendant property.

10. It is further agreed and stipulated that none of the parties shall be liable to the other for attorney fees, costs, and expenses, interest, or any other relief not specifically provided for in this agreement. Claimant further waives any rights provided to them under Title 18, United States Code, Section 983, and Title 28, United States Code, Section 2465(b)(1). It is also agreed and stipulated by all parties that the United States of America had probable cause to institute this action pursuant to Title 18, United States Code, Section 2253(a)(1) and (a)(3).

DATED: Buffalo, New York, ~~July~~ Aug 21 ___, 2020

Dated: 8/21/20    BY  *Kevin D. Robinson*

JAMES P. KENNEDY, JR.
United States Attorney

KEVIN D. ROBINSON
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5700 -Phone
kevin.robinson@usdoj.gov

Dated: 8/20/20

DOMINIC SARACENO, ESQ.
534 Delaware Avenue
Buffalo, New York 14202
716-626-7007
saracenolaw@gmail.com
Attorney for

Dated: 8/20/20

Alexander Pollina (Attorney for claimant)
Claimant